STATE OF NEW JERSEY, EX REL. BOARD OF HEALTH OF THE
TOWNSHIP OF OCEAN, respondent,

*v.*

ELLSWORTH WHITE, appellant.

[Decided May 15th, 1919.]

On appeal from a decree of the court of chancery advised by
Vice-Chancellor Foster, who filed the following opinion:

The relief sought in this action is an injunction to restrain
a public nuisance which it is claimed defendant is maintaining
on his property in Ocean township, in the county of Monmouth,
where he has a piggery and a plant for the disposal of garbage
collected in the adjoining municipality of Asbury Park.

The bill is filed under the provisions of the Health act. *Comp.
Stat. p. 2668.*

On the hearing it was established that defendant is under con-
tract to remove garbage from the city of Asbury Park; that in
the performance of his contract he removes the garbage to his
farm in Ocean township; this farm contains about sixty acres,
the soil being mostly white sand; the farm is some distance from
the populous section of the township and is in an isolated section
and is on the Logantown highway. Defendant has created a ren-
dering or cooking plant on the farm in which he cooks or steams
the garbage and feeds it twice daily to the pigs which he raises.
He keeps from four hundred to two thousand pigs at a time and
feeds them the garbage in concrete troughs, which he washes
daily.

To many residing in the neighborhood the odors from the
cooking and piggery have been very offensive, sickening and nau-
seating; they could not eat their meals; their food and cloth-
ing were saturated with the odors; many were obliged to close
their windows and were unable to sit on the piazzas of their

homes, and the plant and piggery were instrumental in breeding great quantities of flies. Other people living in the vicinity did not notice or object to the odors; or if they noticed them, they did not find them unpleasant; some even thought the odors were agreeable and appetizing; others found the odors caused loss of appetite and had difficulty in digesting food; and in the opinion of the township physician the odors he noticed coming from defendant's premises would produce nausea to people living within the radius of the odors and that those odors were hazardous to health.

The neighborhood is said by counsel and some of the witnesses to have been a "smelly place" for years, as nearly all the residents raise hogs under more or less unsatisfactory conditions, and, in addition, there is near defendant's farm a slaughterhouse and also a rendering establishment. It is doubtless true, as defendant claims, that many of the odors charged to his disposal plant and piggery come from other properties, but his cooking apparatus seems to be the only plant of its kind in the vicinity, and it is the only place in the neighborhood to which the complaints about offensive, sour and sickening cooked garbage can apply.

The board of health of Ocean township made an official examination of defendant's premises and found conditions there to be hazardous to the public health. Defendant, as required by the statute, applied for a permit to conduct his garbage disposal plant on his farm, but it was refused him because of unsatisfactory conditions surrounding the plant; and, notwithstanding this refusal, he has been operating his plant against the express orders of the board of health and in violation of ordinances adopted by the board.

Complainant's proofs establish the allegations of the bill that defendant is violating provisions of the act relating to municipal corporations (*Comp. Stat. pp. 3494-3512*) in maintaining a garbage disposal plant in Ocean township without the consent or permit of the proper municipal authorities; and also establish the fact that the odors from defendant's plant and piggery are so offensive and harmful that they may, and are likely to, become hazardous to the public health.

A decree will be advised in accordance with the prayer of the bill; but in view of the importance to the city of Asbury Park of this determination affecting, as it does, the removal and disposal of garbage therefrom; and, also, of the fact that complainant, because of conditions created by the war, has requested the court to defer the determination of the matter until the present time, the restraint to be advised will not become effective until October 1st next; and should a still later date for it to become effective be considered necessary, I will hear counsel on notice on this feature of the case.

*Mr. Harry Truax,* for the respondent.

*Messrs. Durand, Ivins & Carton,* for the appellant.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Foster.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.